Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MELINDA MCCANN | ) Case No. CV09-03005 MRP (CTx) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF FEDERAL FAIR DEBT |
| vs. | ) COLLECTION PRACTICES ACT, |
| | ) ROSENTHAL FAIR DEBT |
| BLEIER & COX, LLP | ) COLLECTION PRACTICES ACT |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

Complaint - 1

practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.  Plaintiff, Melinda Mccann ("Plaintiff"), is a natural person residing in San Luis Obispo county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.  At all relevant times herein, Defendant, Bleier & Cox, LLP., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a). Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)), including filing suit against Plaintiff to collect an alleged debt after reaching an agreement with Plaintiff on a repayment plan, yet still filing suit against Plaintiff while she was making her payments pursuant to said agreement.

b.) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, causing a telephone to ring repeatedly or continuously to annoy Plaintiff, and communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)); (Cal Civ Code § 1788.11(d)); (§ 1692c(a)(1)); (§ 1692d(5)), including calling Plaintiff more than twice a day,

more than 10 times per week and calling Plaintiff right back immediately after she informed Defendant that she could not talk.

c.) Repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§ 1692c(a)(1)(3)), including calling Plaintiff on numerous occasions after she told Defendant she could not take their calls at work.

d.) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, (§ 1692e(10), including representing to Plaintiff that she owed Defendant almost $6,000.00 for an alleged debt, but only filing suit against Plaintiff for upwards of $3,000.00 to collect the same debt. In addition, in response to a request for validation by Plaintiff on the alleged debt, sending Plaintiff a letter purporting to enclose said validation, but no actual validation was enclosed.

e). Collecting/Attempting to collect a consumer debt from Plaintiff by means of judicial proceedings, where the debt collector knew that service of process, which was essential to jurisdiction over Plaintiff or her property, had not been legally effected (Cal Civ Code § 1788.14(a)). Specifically, to date, Plaintiff has not been personally served with the collection lawsuit filed against her by Defendant.

6. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

7. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages;

    D. Costs and reasonable attorney's fees; and,

    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

8. Plaintiff reincorporates by reference all of the preceding paragraphs.

9. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 26th day of April, 2009.

By: _____
TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

### CV09- 3005 MRP (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

CENTRAL District of CALIFORNIA

COPY

MELINDA MCCANN

V.

BLEIER & COX, LLP

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**CV09-03005 MRP (CTx)**

TO: (Name and address of Defendant)

BLEIER & COX, LLP
16130 VENTURA BLVD. SUITE 620
ENCINO, CA 91436

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Jerry Najeri

CLERK

(By) DEPUTY CLERK

APR 29 2009

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                    *Signature of Server*

                              _____
                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.